United States District Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL HOOD, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-22-1126 |
| § | |
| GULF CAPITAL BANK, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Michael Hood, representing himself, sued his former employer and colleagues for violations of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* Hood sued Gulf Capital Bank, nine employees of Gulf Bank in their individual capacities, and six separate Insperity entities.

Based on the pleadings, motions, and applicable law, the court denies the motion to strike, grants the motion to dismiss without prejudice and with leave to amend as to the claims against Gulf Capital, and Insperity Inc., Insperity Holdings, Inc., Insperity Enterprises, Inc., Insperity PEO Services, L.P., Insperity Business Services, L.P., and Insperity Payroll Services, L.L.C. (collectively, the Insperity Defendants), and grants the motion to dismiss with prejudice and without leave to amend as to James Edward Jones, Dan C. Tutcher, Stanley Reed Morian, J. David Williams, Donald W. Young, George DeMontrond, John P. Kotts, Jonathan C. Homeyer, and Joel C. Baumbach (collectively, the Individual Defendants). An amended complaint as to the claims against Gulf Capital and the Insperity Defendants may be filed no later than September 16, 2022.

The reasons for these rulings are set out below.

I.     **Background**

Hood, who is African American, worked as a Senior Relationship Manager at Gulf Capital from June 15, 2020, to August 20, 2021. Hood alleges that he excelled at his job and was responsible for many high-dollar deals. Hood alleges that in November 2020, Gulf Capital learned about his lawsuit against another business alleging that the business discriminated against him on the basis of race. The lawsuit was the subject of a newspaper article. Hood alleges that Gulf Capital executives were very angry with him over the lawsuit, and that they mentioned this lawsuit to him in December 2020 and again in August 2021.

Hood alleges that he requested medical leave on August 17, 2021, and an accommodation to work remotely because of his health conditions. Hood does not identify a disability, other than alleging that he was experiencing gastrointestinal symptoms on one day in August 2021. He alleges that his supervisor told him that he could work remotely the following day, and he did. He alleges that after working remotely for one day, he arrived early the following morning but wanted to leave at 2:15 p.m. Hood alleges that James Jones, the CEO and Chairman of Gulf Capital, became angry and "verbally assaulted" him by telling him that he is "unusual and weird," and "'unlike' any other banker." Hood alleges that other employees left early and were not reprimanded. Hood alleges that after this interaction with Jones, he stayed until 5:00 p.m. that day. That evening, the Human Resources Officer called Hood and instructed him to stay home the following day. Hood worked from home the following morning. The Chief Human Resources Officer called him that day and told him that he was fired. Hood alleges that Gulf Capital did not provide a reason for firing him.

Hood alleges that Jones had criticized him for not wearing a suit jacket but did not criticize white bankers for the same dress. He alleges that Jones told him to eat lunch in the cafeteria, which

was unsanitary, to not leave work early even though others did, and to not use the front entrance by the CEO's office and use the back entrance instead. Hood alleges that these comments and instructions were the result of racial animus. Hood alleges that Jones has a history of racism, and these actions were because Hood is a black male. Hood alleges that he was discriminated against because of his race and disability, in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et. seq*.

The motion to dismiss followed.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal quotation and citation omitted). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.**     **Analysis**

    **A.**     **The Motion to Dismiss**

        **1.**     **The Individual Claims**

Title VII of the Civil Rights Act, the Texas Commission on Human Rights Act, and the Americans with Disabilities Act, do not provide for claims against individuals. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (internal quotation omitted); *Estrada v. Nehls*, 524 F. Supp. 3d 578, 597 (S.D. Tex. 2021) (citing *Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999)). The claims against the individuals are dismissed with prejudice, and without leave to amend, because amendment would be futile.

        **2.**     **The Race Discrimination Claim Against Gulf Capital**

To state a claim for race discrimination, Hood must allege that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. He has not alleged that he was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).

Hood has not alleged that he was replaced by an employee outside his protected group. This leaves a disparate treatment claim, and the "ultimate question" in a Title VII disparate treatment claim remains "whether a defendant took the adverse employment action against a plaintiff *because of* [his] protected status." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Hood alleges that Jones told him to eat in the cafeteria, wear a suit jacket, use the back

5

entrance, and not leave work early, because Jones is racist. Hood has not alleged facts showing that non-black employees were treated differently. Hood's only allegation about the treatment of his colleagues is that Jones did not criticize white colleagues for not wearing a suit jacket. But he has not alleged that his termination was related to this comment about his attire. He simply alleges that he was fired despite what he describes as good performance. Hood must offer more than "labels and conclusions" that he was terminated based on his race or disability. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). "[A]n employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief." *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000). Hood's allegations are insufficient. His race discrimination claim as to Gulf Capital is dismissed, without prejudice and with leave to amend.

### 3. Disability Discrimination Under the Americans with Disability Act

To state a prima facie case of discrimination under the ADA, Hood must allege that: (1) he has a qualifying disability; (2) he was denied benefits or otherwise discriminated against; and (3) the discrimination was because of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). To show discrimination on the basis of a disability, Hood must allege facts showing either disparate treatment—that the defendant treated him more harshly than a similarly situated but non-disabled person—or that the defendant failed reasonably to accommodate his disability. *Arce v. Louisiana*, 226 F. Supp. 3d 643, 651 (E.D. La. 2016).

Hood has not alleged a qualifying disability. He alleges only that he had an unnamed health condition and on one day, had gastrointestinal symptoms. He has not alleged that Gulf Capital failed to accommodate him, denied him any benefits, or otherwise discriminated against him on the basis of an alleged disability. His allegations are insufficient to state a claim for disability

6

discrimination against Gulf Capital. This claim is dismissed, without prejudice and with leave to amend.

### 4. Retaliation

To state a claim for retaliation, Hood must allege facts showing that: (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Cabral v. Brennan*, 853 F.3d 763, 766-67 (5th Cir. 2017). Retaliation claims under the TCHRA and ADA are guided by the same analysis that applies to claims of retaliation under Title VII. *See Martin v. Kroger Co.*, 65 F. Supp. 2d at 554 (TCHRA); *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 F. App'x 308, 312 (5th Cir. 2016) (ADA). Hood has alleged that on one occasion he requested a medical accommodation in the form of remote work. He alleges that he was allowed to work remotely the following day. He does not allege any facts showing that he requested and was denied additional accommodations. Nor does he allege a causal connection between a disability, any protected activity relating to his disability, and his termination. This claim against Gulf Capital is dismissed, without prejudice and with leave to amend.

### B. The Claims Against the Insperity Defendants

Hood sued seven different Insperity Defendants, alleging that the Insperity Defendants acted as the Gulf Capital's human resources department. "General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant." *Callier v. Nat'l United Grp.*, LLC, No. EP-21-CV-71-DB, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021). This is the first problem with the claims against the Insperity Defendants.

Insperity PEO Services is a Professional Employer Organization, which performs administrative functions, including payroll, benefits, safety and human resources consulting services Gulf Capital. Insperity is in a contractual relationship with the Gulf Capital. Hood alleges that the Insperity defendants had a "joint-employer" relationship with Gulf Capital because the Insperity Defendants performed Gulf Capital's human resources function. Hood has not alleged any plausible indicators of a joint-employment relationship. *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021) ("The right to control the employee's conduct is the most important component of determining a joint employer. When examining the control component, we focus on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule."). Because Hood has not alleged facts that could show an employment relationship against the Insperity Defendants that could give rise to liability under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*, Hood's claims against the Insperity Defendants are dismissed, without prejudice and with leave to amend.

**IV. Conclusion**

The claims against Gulf Capital and the Insperity Defendants are dismissed without prejudice and with leave to amend no later than September 16, 2022. The claims against the Individual Defendants are dismissed, with prejudice and without leave to amend, because amendment would be futile. Hood may file an amended complaint, against only Gulf Capital and the Insperity Defendants, by no later than September 16, 2022. Failure to do so or to do so sufficiently may lead to dismissal with prejudice as to these defendants as well.

The initial conference is reset to **October 28, 2022, at 9:20 A.M**., by Zoom.

SIGNED on August 22, 2022, at Houston, Texas.

										_____
												Lee H. Rosenthal
										Chief United States District Judge